# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RICHARD JEROME SMITH,**

      **Plaintiff,**

**v.**                                           **Case No:   6:14-cv-484-Orl-22KRS**

**LORETTA ANN GIBSON, et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

**I.   BACKGROUND.**

This cause comes before the Court upon review of Plaintiff's handwritten document addressed to the Court, which was filed on March 25, 2014. Doc. No. 1. The document is largely unintelligible, but it appears that Plaintiff is complaining about an arrest made by the Melbourne Police Department, including allegations of excessive force, false arrest, and false imprisonment. Plaintiff also appears to accuse several private individuals of committing torts and crimes against him and asks the Court to issue federal indictments. The Court has construed this document as if it were intended to be a complaint.[1] Because Plaintiff failed to pay the filing fee, I also construe Plaintiff's document as if he were asking for permission to proceed *in forma pauperis*.[2]

---

[1] I note that the document does not include a case caption or otherwise formally identify which individuals or entities are intended to be Defendants. When Plaintiff's document was accepted for filing, the Clerk of Court construed it as if Loretta Ann Gibson, some unidentified Melbourne Police Officers, Pat Poole, LaNorris Gibison, Dorris Gibison, and Loretta Ann Akins were intended to be the Defendants.

[2] On this point, however, I note that Plaintiff has filed multiple lawsuits in this district and is well aware of the requirement to either pay the full filing fee or file a motion to proceed *in forma pauperis* when a case is filed. *See, e.g.*, *Smith v. Melbourne Police Dep't*, No. 6:14-cv-292-Orl-28KRS, Doc. No. 2 (M.D. Fla. Feb. 25, 2014) (dismissing complaint including similar allegations and noting necessity of paying filing fee or filing motion to proceed *in forma pauperis*); *Smith v. Clerk*, No. 6:13-cv-1734-Orl-28GJK, Doc. No. 2 (M.D. Fla. Feb. 27, 2014)

**II.   LEGAL STANDARD.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis*, the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").  To state a claim upon which relief can be granted, a plaintiff's complaint must contain sufficient factual content to bring his claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**III.   ANALYSIS.**

Plaintiff's complaint cannot proceed in its current form and is due to be dismissed for a number of reasons.  For example, the complaint does not include a case caption or identify the individuals or entities who are intended to be Defendants, thus making it impossible to determine whether the Court has jurisdiction over Plaintiff's claims.  The complaint also attempts to initiate criminal proceedings, which Plaintiff lacks standing to do.  *See Fretwell v. Arrant*, No. 5:08cv56/RS-EMT, 2009 WL 2168697, at *4 (N.D. Fla. 1997) (citations omitted).  In general, Plaintiff's rambling allegations do not constitute a "short and plain statement of the claim showing that [he] is entitled to relief," *see* Fed. R. Civ. P. 8(a), and fail to bring his claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Because Plaintiff is proceeding *pro se* and it is at least possible that an amended complaint could cure the defects of the current complaint, he should be given leave to file an amended

---

(same).

complaint. In an amended complaint, Plaintiff should include a case caption that clearly identifies all the individuals and entities that he intends to name as Defendants. However, Plaintiff should name as Defendants only those individuals or entities who are responsible for the alleged violations. Further, he should clearly describe <u>how each named Defendant</u> is involved in the alleged legal violations in a section entitled "Statement of Facts." Plaintiff must allege some causal connection between the Defendant named and the injury allegedly sustained. Also, Plaintiff must allege specifically how he has been damaged (harmed or injured by the actions and/or omissions of the Defendant(s)).

Plaintiff should include a short and plain statement showing that this Court has jurisdiction over his claims. *See* Fed. R. Civ. P. 8(a)(1). Plaintiff should also clearly allege the legal basis of the cause(s) of action he wishes to pursue, whether a constitutional provision, treaty, statute, or a common law cause of action. Each alleged violation should be set forth in a separate count and should only be pursued against the Defendant(s) alleged to be responsible for that particular violation. Plaintiff should include sufficient facts to show that each of his claims for relief is plausible. Plaintiff should not seek to assert or institute criminal causes of action.

## IV.   RECOMMENDATION.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** Plaintiff's complaint without prejudice and **ORDER** Plaintiff to file an amended complaint within a time specified by the Court following its ruling on this Report and Recommendation. Plaintiff should be advised that failure to file a proper amended complaint within the time specified by the Court may result in the case being closed without further notice.

Plaintiff should also be advised that, if he files an amended complaint, he must either pay the full filing fee at the time of filing or file a completed Application to Proceed Without Prepayment

of Costs (Long Form) with his amended complaint. Accordingly, if the Court adopts this Report and Recommendation, I **FURTHER RECOMMEND** that the Court direct the Clerk of Court to mail a copy of a blank Application to Proceed Without Prepayment of Costs (Long Form) to Plaintiff with its Order on this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 1, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy